992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Monroe JONES, Plaintiff-Appellant,
v.
Officer CAVAZOS, Defendant-Appellee.
 No. 92-16590.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 5, 1993.
 
 MEMORANDUM**
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 Monroe Jones, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of the defendant, Cavazos, in Jones' 42 U.S.C. § 1983 action. Jones contends that Cavazos, a correctional officer, violated his constitutional rights by refusing to mail his legal correspondence without first reading the documents. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 2
 We review de novo a district court's grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992).
 
 
 3
 "On summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party." Id. Initially, the moving party must prove the "absence of any genuine issue of material fact that would allow a judgment as a matter of law." Id. If this is proven, the nonmoving party must then produce evidence which would be "sufficient to support a jury verdict in her favor." Id. at 884-85.
 
 
 4
 "To make out a prima facie case under section 1983, plaintiffs must show that the defendants (1) acted under color of state law, and (2) deprived the plaintiffs of rights secured by the constitution." Borunda v. Richmond, 885 F.2d 1384, 1391 (9th Cir.1988). A plaintiff who claims a deprivation of the right of access to the courts must base the claim on actual injury unless the claim alleges inadequate law libraries or alternative sources of legal knowledge. Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.1991). A plaintiff can make a showing of actual injury by pointing to a specific instance in which he was denied access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 5
 Here, Jones alleged that Cavazos refused to mail Jones' legal mail without first reading the documents. Jones claims that Cavazos' actions denied him access to the courts. Cavazos filed a motion for summary judgment, and in support of the motion, he filed an affidavit which included a mail log showing that Jones was able to send seven pieces of legal correspondence just three days after the alleged incident.
 
 
 6
 Jones has failed to show how the alleged incident deprived him of access to the courts, and therefore he has failed to show any actual injury. See Sands, 886 F.2d at 1171. Without a showing of actual injury, Jones cannot claim that he was deprived of the right of access to the courts. See Johnson, 948 F.2d at 521. The district court properly granted summary judgment in favor of the defendant, Cavazos. See Hopkins, 958 F.2d at 884-85; Borunda, 885 F.2d at 1391.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3